**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Hugh Plunkett, Jr., | No. CV-19-08299-PCT-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge Camille D. Bibles' Report and Recommendation ("R&R") (Doc. 13), recommending that the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be denied. The Court has reviewed the Petition (Doc. 1), Respondents' Response to the Petition (Doc. 8), Petitioner's Reply to the Response (Doc. 11), Petitioner's Addendum to his Reply (Doc. 12), the R&R (Doc. 13), Petitioner's Objection to the R&R (Doc. 14), and Respondents' Reply to Petitioner's Objection (Doc. 15). For the reasons expressed below, the Court overrules Petitioner's objections and adopts the R&R.

**I.     BACKGROUND**

A Mohave County grand jury indicted Petitioner for one count of first-degree murder, or in the alternative felony first-degree murder; one count of tampering with physical evidence; one count of fraudulent schemes and artifices; and one count of forgery. (Doc. 8-1 at 4–6.) The day before Petitioner's trial, the trial court granted his motion to waive his right to counsel and proceed pro per, and his pretrial counsel was

appointed as advisory counsel. (*Id.* at 214–18.) After the prosecution rested, the trial court granted acquittal for the forgery charge. (*Id.* at 16–18.) An Arizona Superior Court jury convicted Petitioner on all the remaining counts. (*Id.* at 20–22.) Petitioner was sentenced to the following consecutive terms of imprisonment: natural life for first-degree murder, eight years for fraudulent schemes and artifices, and nine months for tampering with evidence. (*Id.* at 24–26.)

Petitioner's appointed counsel timely appealed his conviction and sentence to the Arizona Court of Appeals. (*Id.* at 28–29, 31–60.) In May 2016, the Arizona Court of Appeals affirmed his convictions and sentences. *State v. Plunkett*, No. 1 CA-CR 15-0161, 2016 WL 3030126 (Ariz. App. May 26, 2016). The Arizona Supreme Court then denied review. (Doc. 8-1 at 148.) On March 30, 2017, Petitioner filed a notice of post-conviction relief requesting court-appointed counsel. (*Id.* at 150–56.) The trial court appointed Petitioner counsel, who helped him raise several claims in his original and supplemented post-conviction relief petitions. (*Id.* at 161–76, 178–88.) The trial court dismissed this post-conviction relief petition in March 2018. (*Id.* at 223–24.) Petitioner appealed this decision. (*Id.* at 227–48.) The Arizona Court of Appeals granted review but denied relief on all grounds. *State v. Plunkett*, No. CA-CR 18-0523 PRPC, 2018 WL 5729207 (Ariz. App. Oct. 30, 2018). Petitioner did not seek review to the Arizona Supreme Court after the appellate court's denial. (Doc. 1 at 5.) Petitioner then timely filed the instant habeas proceedings. (Doc. 1.)

**II.      LEGAL STANDARD**

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, this Court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews de novo those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection to a magistrate judge's R & R requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

### III.   DISCUSSION

The Petition raises nine claims challenging his convictions and sentences: (1) the trial court erred in finding that Petitioner voluntarily waived his right to counsel; (2) pretrial counsel was ineffective for failing to subpoena a witness for trial; (3) pretrial counsel was ineffective for failing to employ a computer sciences expert to aid his defense; (4) pretrial counsel was ineffective for failing to provide interview notes to Petitioner; (5) pretrial counsel was ineffective for failing to investigate the medical examiner's credentials; (6) the medical examiner's lack of credentials constitutes newly discovered evidence warranting a new trial; (7) the trial judge was biased; (8) the prosecutor committed misconduct during closing argument; and (9) the trial court erred by precluding cross-examination of a witness. (Doc. 1 at 8–38.) The R&R recommends that the Petition be denied. (Doc. 13 at 36.) The R&R concludes that the "state appellate court's denial of relief on [Petitioner's] properly exhausted federal habeas claims was not contrary to nor an unreasonable application of clearly established federal law. All of [Petitioner's] procedurally defaulted claims may be denied on the merits, and [Petitioner's] sixth and ninth claims for relief are not cognizable." (*Id.*) Petitioner uses much of his Objection to restate his arguments that he is entitled to relief, but the Court will focus on the specific objections that he asserts to the R&R. (Doc. 14.)

### A.   Grounds Two and Three

Petitioner only objects[1] to claims related to his counsel's failure to conduct certain

---

* From reading Petitioner's Objection, it is not clear that his narrative relating to Grounds Two and Three are *specific* objections. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

- 3 -

pretrial investigation. (Doc. 14 at 8–13.) Petitioner seems to point to the R&R's conclusion that Petitioner's arguments that his pretrial counsel's failure to subpoena a crime lab technician to testify as to a blood evidence lab report and employ a computer science expert to refute the schemes and artifices charge were meritless. (*Id.* at 9–10.) The R&R found that Petitioner's Ground Two claim—failure to subpoena a crime lab technician—was procedurally defaulted, but "[r]egardless of any procedural default of this claim, it may be denied on the merits." (Doc. 13 at 22.) As to Petitioner's Ground Three claim, the R&R concludes that Petitioner's argument about his pretrial counsel's failure to employ a computer science expert was meritless because he failed to "present the affidavit of any computer expert establishing the proposed witness would have testified at trial and would have testified as [Petitioner] asserts." (*Id.* at 24.)

The Court agrees with the R&R's conclusions as to Grounds Two and Three. Both grounds, regardless of any procedural default, fail on the merits. Petitioner's pretrial counsel was not ineffective for failing to subpoena a crime lab technician to testify about certain blood evidence. Petitioner notes that his pretrial counsel was ineffective for failing to investigate this line of defense or present certain testimony. (Doc. 1 at 12–15.) This argument does not provide any evidence of how there was ineffectiveness and this speculation is not sufficient to show that this failure creates a "reasonable probability" that a different result would have occurred absent the purportedly deficient representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As the R&R notes, the trial transcript reveals several instances where Petitioner was able to present this theory to the jury, including the blood evidence he sought to challenge with the crime lab technician. (*See* Doc. 13 at 23.) To establish the required prejudice under *Strickland*, a habeas petitioner in this context must show not only that the testimony would have been favorable, but also that an identified witness would have testified at trial. *See, e.g.*, *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000). Petitioner's speculation about what this supposed crime lab technician would have testified about does not satisfy the prejudice

---

1121 (9th Cir. 2003). In any event, the Court will address these two grounds.

- 4 -

prong. *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001). The Court is also aware of the substantial evidence against Petitioner, which serves as another independent reason that he cannot establish prejudice as required by *Strickland*. *See Allen v. Woodford*, 395 F.3d 970, 999 (9th Cir. 2005).

As to Ground Three, Petitioner argues that his pretrial counsel was ineffective for failing to employ a computer science expert to refute an incriminating email. (Doc. 1 at 16–18.) This claim fails for similar reasons. Petitioner has failed to mention any computer expert that would have testified at trial or any affidavit of a computer expert backing up Petitioner's claims. *See Dows*, 211 F.3d at 486. There also has been no signs that any supposed computer expert would have testified in a way that Petitioner suggests or in a way that would be helpful to his case. As mentioned above, there was substantial evidence supporting his conviction on this ground, which shows the lack of prejudice even if Petitioner had shown that a computer expert would have testified in the manner he suggests. *See Allen*, 395 F.3d at 999. Given Petitioner's position on Grounds Two and Three, the Court finds that he has not satisfied the required test under *Strickland* to show that his pretrial counsel was ineffective.

### B. General Objections

Petitioner makes several general remarks that relate to other claims that he raised in his Petition. (Doc. 14.) For example, Petitioner mentions several points relating to his self-representation and the circumstances surrounding that before trial. (*Id.* at 11–14.) There are also remarks that tangentially relate to the trial court's alleged error in precluding a laboratory report. (*Id.* at 13.) Petitioner, however, does not specifically object to any of the R&R's conclusions or recommendations on these grounds.

As mentioned above, under Rule 72, objections must be "specific . . . to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "An obvious purpose for this requirement is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress, a

general objection 'has the same effect as would a failure to object.'" *Quinn v. Hacker-Agnew*, No. CV-19-08152-PCT-DGC (CDB), 2020 WL 6680401, at *2 (D. Ariz. Nov. 9, 2020) (citations omitted). Petitioner merely provides a general objection to the R&R's findings and conclusions on the remaining grounds. (Doc. 14.) The Court treats this general objection the same way it would treat a failure to object; the Court is under no obligation to conduct a de novo analysis. *See Quinn v. Hacker-Agnew*, No. CV-19-08152-PCT-DGC (CDB), 2020 WL 6680401, at *2 (D. Ariz. Nov. 9, 2020). Although it has no obligation to do so, the Court nonetheless has considered the general objections and reviewed the R&R. The Court agrees with Magistrate Judge Bibles' R&R and accepts the recommended decision. (Doc. 13.)

### C. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon its own review of the record considering the standards for granting a certificate of appealability and Petitioner's arguments (Docs. 1, 14), the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation (Doc. 13).

**IT IS FURTHER ORDERED denying** the Petition (Doc. 1) and **dismissing** it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 26th day of March, 2021.

Michael T. Liburdi
United States District Judge